IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY TYRONE FORD,

        Plaintiff,                        No. CIV S-07-0596 MCE GGH P

    vs.

JOSEPH DEILLY, et al.,             ORDER AND

        Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

1

1 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
2 Cir. 1989); Franklin, 745 F.2d at 1227.

3       A complaint, or portion thereof, should only be dismissed for failure to state a
4 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
5 of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
6 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
7 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
8 a complaint under this standard, the court must accept as true the allegations of the complaint in
9 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
10 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
11 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12       The only named defendant is plaintiff's trial counsel, Joseph Deilly.  Plaintiff
13 alleges that defendant Deilly provided ineffective assistance of counsel.  As relief, plaintiff seeks
14 money damages and unspecified injunctive relief.

15       No cognizable claim exists under 42 U.S.C. § 1983 for legal malpractice.  In the
16 absence of a bona fide conspiracy between defense counsel and state actors, defense counsel is
17 not a "state actor" under § 1983.  See Polk County v. Dodson, 454 U.S. 312, 320-325 (1981).
18 Thus, no federal claim is possible, and the allegations do not lend themselves to a conspiracy.
19 Even under state law plaintiff does not have available a state claim for legal malpractice because
20 an element of that claim is his exoneration of the criminal charge.  Coscia v. McKenna & Cuneo,
21 25 Cal. 4th 1194, 108 Cal. Rptr. 2d 471 (2001).   Finally, it is doubtful that even if plaintiff had
22 alleged a conspiracy, he would still have a valid claim in that Heck v. Hum,phrey, 512 U.S. 477,
23 114 S.Ct. 2364 (1994), probably would not permit a civil action for damages alleging
24 "ineffective assistance of counsel" because such an issue would be intertwined with whether
25 counsel acted unreasonably and whether counsel's actions substantially harmed plaintiff – two
26 issues which would be the focus of review in an appeal or collateral review in the criminal action

alleging the same.

Accordingly, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis is granted;

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 6/13/07                                        /s/ Gregory G. Hollows
                                                     _____
                                                     UNITED STATES MAGISTRATE JUDGE

ford596.dis